COTTON v. BARNES. (No. 5289.)

(Court of Civil Appeals of Texas. San Antonio. May 27, 1914. Rehearing Denied June 17, 1914.)

1. LIMITATION OF ACTIONS (§ 127*) — COMMENCEMENT OF ACTION — AMENDMENT OF PLEADINGS.

The original petition in an action to recover double the usurious interest paid to defendant, alleged that he owned the loan company from which the money was borrowed, the first amended petition alleged that defendant, on January 1, 1909, and thereafter, owned and conducted a number of loan offices, including the one from which the money was borrowed, and the second amended petition alleged that it was borrowed from defendant, doing business under the loan company names. Held, in the absence of any exception requiring plaintiff to show whether defendant or his agents were guilty of taking unlawful interest, that the suit throughout was against defendant as sole own-

---

er of the company, so that his plea of limitations was bad.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. § 127.*]

2. USURY (§ 138*)—LOAN—RECOVERY.

Loans of $10 at the rate of $3 a month were usurious, entitling the borrower to recover double the amount of interest paid.

[Ed. Note.—For other cases, see Usury, Cent. Dig. § 424; Dec. Dig. § 138.*]

Error from Harris County Court at Law; Clark C. Wren, Judge.

Action by Jesse Barnes against Almon Cotton. Judgment for plaintiff, and defendant brings error. Affirmed.

J. V. Meek, of Houston, for plaintiff in error. Barkley & Green, of Houston, for defendant in error.

CARL, J. Jesse Barnes sued Almon Cotton to recover $240, alleged to be double the amount of usurious interest paid by the defendant in error to plaintiff in error. The trial was before the court without a jury, and judgment was rendered for the sum of $190 and for the delivering up and cancellation of the power of attorney given by Barnes to Cotton.

In the original petition it is alleged that Almon Cotton is owner of the Texas Loan Company and the Empire Loan Company, while in the first amended original petition it is alleged that plaintiff in error—

"on the 1st day of January, 1909, and from that date until now," "was and has been doing business in the city of Houston, Harris county, Tex., as a money lender, conducting a number of loan offices, or companies, in said city of which he was and is the sole owner, among others, the Texas Loan Company and the Empire Loan Company; that they are merely other names for the defendant, Almon Cotton, and are the designation of the business and such of the places where he conducts his avocation of money lending; he, in fact, being the company in each instance."

It is charged that in 1909 Barnes borrowed from Cotton, doing business under the name of Empire Loan Company, $10, and that thereafter he paid to defendant, doing business under such name, $3 per month interest on the original loan until the date of the filing of this suit; that in 1909 he borrowed from defendant below, doing business under the name of Texas Loan Company, the sum of $10, and that thereafter and up to the time of the filing of this suit, he had paid the sum of $3 per month interest thereon. The second amended petition alleges, in substance, that Barnes borrowed said sums from Almon Cotton, doing business under the loan company names, "and his employés in charge thereof," and that the payments were made to Cotton, doing business under such names and to his employés in charge thereof. It is admitted that the books of plaintiff in error show the receipt of the money paid by defendant in error, and the paying out of all sums borrowed by him.

[1] The plea of limitation is not good because in the original, and in both amended petitions, the plaintiff in error was sued for the debt, it being therein alleged that he was doing business under the company names, and was the owner of the Texas Loan Company and the Empire Loan Company. The only change made in the second amended petition is that the additional allegation is made that he did it through his employés, or rather that he and his employés carried on the usurious transactions. There was no exception directed at the petition for the purpose of requiring the plaintiff to show whether Cotton or his agents were guilty of the alleged unlawful transactions. As to Cotton, such a plea was clearly not good, because from the very inception of the suit, it was sought to hold him as being the sole owner of these companies, and that cause of action was never abandoned. So the court did not err in overruling the plea of limitation.

[2] The undisputed evidence shows that plaintiff in error furnished the two $10 amounts which were loaned to defendant in error, and upon which the unconscionable rate of $3 per month each was collected for the sole benefit of him. His books showed that the amounts were loaned by and the payments were made to him. That this was done for him by his agents operating these parasites on the unfortunate is immaterial. If it should ever become necessary for courts to resort to mere technicalities of practice to sustain a position, it occurs to us that it should be done in the interest of humanity, and not for the assistance of these vampires that fatten on the misfortunes of the poor. The assignments are overruled; but, since there is probably some basis for the legal contentions made in this appeal, we will not add the penalty provided by law in cases appealed for delay.

The judgment is affirmed.